UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
OCT 08 2010
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

| | | |
|---|---|---|
| TANA LANDERS, Heir at Law and as Administrator of the Estate of TERRY VICKERS, Deceased; TERESA DANIELLE VICKERS, Heir at Law; CHRISTOPHER EUGENE VICKERS, Heir at Law; DANIEL G. VICKERS, Heir at Law; DOROTHY PALMER, Heir at Law; MICHAEL W. VICKERS, Heir at Law; DONNA R. VICKERS, Heir at Law; DANIEL CLAYTON VICKERS, Heir at Law; PAMELA J. VICKERS HAYS, Heir at Law; and BILLY PALMER, Heir at Law<br><br>Plaintiffs. | § | CASE NO. 10-1066 |
| VS. | § | |
| ETHEX CORPORATION, and KV PHARMACEUTICAL COMPANY<br><br>Defendant. | § | |

## NOTICE OF REMOVAL

COME NOW ETHEX Corporation ("ETHEX") and KV Pharmaceutical Company ("KV") (together "Defendants") and respectfully remove this case to the United States District Court for the Western District of Arkansas pursuant to 28 U.S.C. §§ 1441 and 1446. Defendants would respectfully show the Court the following:

## I. PARTIES

1. TERRY VICKERS (the "decedent") was a resident of the State of Arkansas.

2. Plaintiff TANA LANDERS, as Heir at Law and as Administrator of the Estate of TERRY VICKERS, is a resident of the State of Arkansas.

3. Plaintiff TERESA DANIELLE VICKERS is a resident of the State of Arkansas.

4. Plaintiff CHRISTOPHER EUGENE VICKERS is a resident of the State of Arkansas.

5. Plaintiff DONNA R. VICKERS TALLEY, is a resident of the State of Arkansas.

6. Plaintiff PAMELA J. VICKERS HAYS is a resident of the State of Arkansas.

7. Plaintiff DANIELS G. VICKERS is a resident of the State of Arkansas.

8. Plaintiff DANIEL CLAYTON VICKERS is a resident of the State of Arkansas.

9. Plaintiff DOROTHY PALMER is a resident of the State of Kentucky.

10. Plaintiff MICHAEL W. VICKERS is a resident of the State of Arkansas.

11. Plaintiff BILLY PALMER is a resident of the State of Kentucky.

12. Defendant KV is a foreign corporation, incorporated in the State of Delaware, with its principal place of business in Missouri.

13. Defendant ETHEX is a foreign corporation, incorporated in the State of Missouri, with its principal place of business in Missouri.

## II. PROCEDURAL BACKGROUND OF STATE COURT ACTION

14. On or about August 23, 2010 Plaintiffs filed a civil action against Defendants in the Circuit Court of Union County, Arkansas, Civil Division, styled Cause No. CV-2010-0294-4: *Tana Landers, Heir at Law and as Administrator of the Estate of Terry Vickers, Deceased, et al. v. ETHEX Corporation, et al.* (the "State Court Action"). A true and correct copy of Plaintiffs' Complaint is attached hereto as Exhibit A.

15. The State Court Action is currently pending in the Circuit Court of the Union County, Arkansas, Civil Division.

16. KV was served with Plaintiffs' Complaint on September 8, 2010. A true and correct copy of the Service of Process transmittal reflecting service on KV is attached hereto as Exhibit B.

17. ETHEX was served with Plaintiffs' on September 8, 2010. A true and correct copy of the Service of Process transmittal reflecting service on ETHEX is attached hereto as Exhibit C.

## III. DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

18. Defendants remove this action to the United States District Court for the Western District of Arkansas pursuant to the provisions of 28 U.S.C. § 1441, on the ground that this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332(a).

19. This Notice of Removal is timely filed within 30 days of Defendants' receipt of service of Plaintiffs' Complaint, pursuant to 28 U.S.C. § 1446(b).

## IV. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332

### A. Removal Legal Standards

20. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (2009). A federal district court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a) (2009).

### B. Complete Diversity Exists Between The Parties

21. Each Plaintiff is a citizen of a state different from each Defendant. All Plaintiffs in the State Court Action are either residents of the State of Arkansas or residents of the State of Kentucky.[1] Under Section 1332, a corporation is a citizen of any State by which it has been incorporated. *See* 28 U.S.C. § 1332(c)(1)(2009). KV is a Delaware citizen as it was incorporated in the State of Delaware. ETHEX is a Missouri citizen as it was incorporated in Missouri and has its principal place of business in Missouri. *See id.* As such, the complete diversity requirement is met as each Plaintiff's citizenship is diverse from each Defendant's citizenship.

22. Venue lies in this Court because Plaintiffs' action is pending in this district and division. *See* 28 U.S.C. § 1441(a)(2009).

**C. <u>The amount in controversy exceeds $75,000 exclusive of interest and costs.</u>**

23. A defendant may properly remove a case to federal court when there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs. *See J & H Enterprises v. Howard Johnson Int'l, Inc.*, 359 F. Supp.2d 811, 812 (W.D. Ark. 2004). When the complaint does not specify an amount for damages, a defendant who removes the suit must establish by a "preponderance of the evidence" that the amount in controversy exceeds $75,000. *See Haynes v. Louisville Ladder Group, LLC*, 341 F.Supp.2d 1064, 1067 (E.D. Ark. 2004)(citing *In re Minnesota Mut. Life Ins. Co. Sales Practices Litigation*, 346 F.3d 830 (8th Cir. 2003)); *see also Gilmer v. Walt Disney Co.*, 915 F.Supp. 1001, 1007 (W.D. Ark. 1996). This burden may also be met if it is facially apparent that claims are likely above the amount. *See Gilmer*, 915 F.Supp. at 1007. Punitive damages are included in the amount in controversy consideration. *See, e.g., Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir.

[1] *See* Ex. A, ¶¶ 1-2.

1994); *McJunkin v. General Cable Industries, Inc.*, No. 08-6103, 2008 WL 5246380 at *2 (W.D. Ark. Dec. 17, 2008).

24. The amount in controversy in this case clearly exceeds $75,000. Plaintiffs claim that the decedent died as a result of ingesting a defective Isosorbide Mononitrate tablet that was "manufactured, processed, packed, labeled, held, and distributed by Defendants KV and ETHEX."[2] Plaintiff Tana Landers, as Special Administrator, has brought suit against KV and ETHEX for survival damages pursuant to Arkansas Code Ann. § 16.61-101.[3] Tana Landers has also brought suit in her individual capacity to recover "all damages to which she is justly entitled under the Wrongful Death Statute, Arkansas Code Ann. § 16-62-102."[4] Landers also seeks damages for mental anguish and loss of wages/financial support.[5] The remaining Plaintiffs similarly seek damages for mental anguish in the past; mental anguish they will continue to suffer in the future; and all damages "they are justly entitled to under the Wrongful Death Statute, Arkansas Code Ann. § 16-62-102."[6] Courts have found the amount in controversy requirement to be met when a plaintiff asserts a claim for wrongful death. *See Menendez v. Wal-Mart Stores, Inc.*, No. 09-40993, 364 Fed.Appx. 62, 67, 2010 WL 445470 at *3, (5th Cir. Feb. 1, 2010); *Kammerdiener v. Ford Motor Co.*, No. ED CV 09-2180 PSG (VBKx), 2010 WL 682297 at *2 (C.D. Cal. Feb. 24, 2010); *Angrignon v. KLI, Inc.*, 2009 WL 506954 at *4 (S.D. Fla. Feb. 27, 2009); *see also Stewart v. Glenburney Healthcare*, Civil Action No. 5:08-cv-270 (DCB)(JMR), 2008 WL 5412311 at *1 n.1 (S.D. Miss. Dec. 23, 2008).

---

[2] *See* Ex. A, ¶¶ 10-13

[3] *See* Ex. A, ¶ 14.

[4] Ex. A, ¶ 14.

[5] Ex. A, ¶ 14.

[6] Ex. A, ¶ 15.

25. Additionally, Arkansas permits recovery of punitive damages in death actions. *See e.g. Fields v. Huff*, 510 F.Supp. 238, 242 (E.D. Ark. 1981). Because punitive damages may be awarded under certain circumstances in an alleged wrongful death claim, the amount in controversy is certainly more than $75,000.

26. A court may also look at decisions rendered in similar lawsuits to determine whether the amount in controversy exceeds $75,000. *See Robertson v. 1859 Historic Hotels, Ltd.*, No. 4:06-CV-01727GTE, 2007 WL 1288678 at *3 (E.D. Ark. May 1, 2007); *Haynes*, 341 F.Supp.2d at 1069; *Gilmer*, 915 F.Supp. at 1005. Awards of $75,000 or more have been rendered in multiple cases where a plaintiff has claimed injury as a result of allegedly ingesting a defendant's defective pharmaceutical product. *See, e.g. Charbonneau v. Boehringer Ingelheim Pharm. Inc.*, Nos. 06-CV-1215, 06-CV-2145, 06-CV-874, 2008 WL 6153724 (D. Minn. 2008) (award of $8,279,300 on plaintiffs' claims where one plaintiff claimed ingestion of defendant's pharmaceutical product caused him to become a compulsive gambler); *Scroggin v. Wyeth Pharmaceuticals, et al.*, No. 04-1169, 2008 WL 2128168 (Ark. St. Ct. 2008) (award of $29,750,000 on plaintiff's claims where plaintiff claimed she suffered breast cancer after she ingested hormone replacement medication manufactured by co-defendants); *Cavender v. American Home Prods. Corp.*, Civ. Action No. 4:02-cv-1830, 2007 WL 2068622 (E.D. Mo. 2007)(award of $75,000 on where plaintiff claimed defendant's diet drug damaged her heart valves); *Strong, et al. v. American Cynamid Co., et al.*, Cause # 992-08880, 2005 WL 2810230 (Mo. Cir. Ct. 2005)(award of $8,500,000 where plaintiff experienced paralysis as a result of taking defendant's polio vaccine); *Prendergast v. Smith Laboratories, Inc.*, No. 57-33463, 1987 WL 233389 (Iowa St. Ct. 1987) (award of $3,300,000 where plaintiff alleged he became quadriplegic after receiving an injection of defendant's drug). In this case, Plaintiffs claim the

decedent's ingestion of Defendants' product caused his death. These awards in cases involving injuries allegedly caused by pharmaceutical products make clear that Plaintiffs' allegations put the amount in controversy in this case above $75,000.

27. The amount in controversy requirement is clearly met here as Plaintiff has asserted a claim for wrongful death. As such, removal is proper.

WHEREFORE, Defendants ETHEX Corporation and KV Pharmaceutical Company hereby remove this Action from the Circuit Court of the Union County, Arkansas, Civil Division to the United States District Court for the Western District of Arkansas.

Respectfully Submitted,

/s/ Stuart P. Miller
Stuart Miller
AR Bar No. 88137
Catherine Corless
AR Bar No. 2009020
**Mitchell, Williams, Selig, Gates & Woodyard, PLLC**
425 W. Capitol, Suite 1800
Little Rock, AR 72201
501-688-8800
501-918-7896- Fax
smiller@mwlaw.com
ccorless@mwlaw.com

and

C. Michael Moore
Texas State Bar No. 14323600
Margaret D. Hall
Texas State Bar No. 05968450
Stacy Jordan Rodriguez
Texas State Bar No. 11016750
Christopher W. Reynolds
Texas State Bar No. 24051247
**SNR DENTON US, LLP**
2000 McKinney Ave., Suite 1900
Dallas, Texas 75201
(214)-259-0900
(214)-259-0910 – Fax
mike.moore@snrdenton.com
peg.hall@snrdenton.com
stacy.rodriguez@snrdenton.com
christopher.reynolds@snrdenton.com

***Attorneys for ETHEX Corporation and KV Pharmaceutical Company***

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7th 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Bruce A. Flint
bruceflint@aol.com

/s/ Stuart P. Miller